UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:21-CR-00040 |
| | : | |
| v. | : | (J. MANNION) |
| | : | |
| **KENNETH PERSISE**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 18, United States Code, § 2252(A)(2), Distribution of Child

   Pornography. The maximum penalty for that offense is

   imprisonment for a period of 20 years, a fine of $250,000, a

   maximum term of supervised release of life, which shall be

   served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$5,100.  At the time the guilty plea is entered, the defendant

shall admit to the Court that the defendant is, in fact, guilty of

the offense charged in that count.  After sentencing, the United

States will move for dismissal of any remaining counts of the

Indictment.  The defendant agrees, however, that the United

States may, at its sole election, reinstate any dismissed charges,

or seek additional charges, in the event that any guilty plea

entered or sentence imposed pursuant to this Agreement is

subsequently vacated, set aside, or invalidated by any court.

The defendant further agrees to waive any defenses to

reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground.  The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Mandatory Minimum Sentence</u>.  Count 1 carries a mandatory minimum period of imprisonment of 5 years.

3. <u>Term of Supervised Release</u>.  The defendant understands that the Court must impose at least a 5-year term of supervised release in addition to any term of imprisonment, fine or assessment involving this violation. The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. **<u>Fines and Assessments</u>**

5. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

7.  <u>Inmate Financial Responsibility Program</u>.  If the Court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

8.  <u>Special Assessment</u>.  The defendant understands that the Court

will impose a special assessment of $100, pursuant to the

provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

9.  If the defendant is convicted of a human trafficking, sex
trafficking, or child pornography/child sexual exploitation
offense, and if the Court finds the defendant is not indigent, an
additional special assessment of $5,000 will be imposed,
pursuant to Title 18 U.S.C. § 3014(a).

10. Collection of Financial Obligations.  In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an
interest or over which the defendant has control, directly or

6

indirectly, including those held by a spouse, nominee, or other third party;

b.   to submit to interviews by the Government regarding the defendant's financial status;

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial

7

information between the Government and the Probation Office.

## C. <u>Sentencing Guidelines Calculation</u>

11. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

12. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the

defendant can adequately demonstrate recognition and

affirmative acceptance of responsibility to the Government as

required by the Sentencing Guidelines, the Government will

recommend that the defendant receive a two- or three-level

reduction in the defendant's offense level for acceptance of

responsibility. The third level, if applicable, shall be within the

discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a

reduction shall not be a basis to void this Agreement.

**D.  <u>Sentencing Recommendation</u>**

13. <u>Appropriate Sentence Recommendation</u>.  At the time of

sentencing, the United States may make a recommendation

that it considers appropriate based upon the nature and

circumstances of the case and the defendant's participation in

the offense, and specifically reserves the right to recommend a

sentence up to and including the maximum sentence of

imprisonment and fine allowable, together with the cost of prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.   The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

10

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

11

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

15. Forfeiture.  The present Indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct.  The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct.  Defendant further agrees to the following:

12

a.  Forfeiture of all properties, real and personal listed in the
    Forfeiture Allegation of the Indictment;

b.  Immediate entry of the preliminary order of forfeiture or the
    filing of a civil complaint by the United States, pursuant to
    Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and
    naming of Elliot Smith, Esquire as agent for service of all
    process;

d.  Waiver of the right to appear and contest any portion of the
    forfeiture proceedings, including but not limited to, any
    motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all
    persons and entities holding an equitable or legal interest in
    the property, real or personal, subject to forfeiture pursuant
    to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing
    any documents necessary to effectuate forfeiture;

13

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

14

16. <u>Disclosure of Assets</u>.  This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

17. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.

This Agreement does not prevent the IRS from the collection of taxes or the seizure of assets to satisfy those taxes.

18. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

19. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the

defendant and defendant's counsel hereby concur in a motion for
such an order.  The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state or federal.  The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §
983(a).  Any related administrative claim filed by the defendant
is hereby withdrawn.  The defendant agrees to consent to the
entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

**F.** **Victims' Rights and Restitution**

20. <u>Victims' Rights</u>.  The defendant understands that pursuant to
the Victim and Witness Protection Act, the Crime Victims'
Rights Act, the Justice for All Act, and the regulations

promulgated under those Acts by the Attorney General of the
United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any
     public court proceeding or any parole proceeding involving
     the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court
     proceeding, unless the Court, after receiving clear and
     convincing evidence, determines that testimony by the
     victim would be altered materially if the victim heard other
     testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in
     the Court involving release, plea, sentencing, or any parole
     proceeding.  The defendant understands that the victims'
     comments and recommendations at any of these proceedings
     may be different than those of the parties to this
     Agreement;

18

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

19

21. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the

Mandatory Restitution Act of April 24, 1996, Title 18, United

States Code, § 3663A, the Court is required in all instances to

order full restitution to all victims for the losses those victims

have suffered as a result of the defendant's conduct.  The

defendant also agrees that the Government will seek and the

Court may impose an order of restitution as to victims of the

defendant's relevant conduct.  With respect to the payment of

restitution, the defendant further agrees that, as part of the

sentence in this matter, the defendant shall be responsible for

making payment of restitution in full, unless the defendant can

demonstrate to the satisfaction of the Court that the defendant's

economic circumstances do not allow for the payment of full

restitution in the foreseeable future, in which case the

defendant will be required to make partial restitution

payments.  In addition to the schedule of payments that may be

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

20

1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the

Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing

22

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

22. <u>Restitution for Child Pornography Cases</u>.  The defendant agrees

to allow the court to determine the appropriate restitution

based on Title 18, United States Code, § 2259, for identifiable

victims in the images of child pornography.

## G.   **Information Provided to Court and Probation Office**

23. <u>Background Information for Probation Office</u>.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

24. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

25. <u>Relevant Sentencing Information</u>.  At sentencing, the United

States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the

United States has agreed to dismiss, and the nature and extent

of the defendant's cooperation, if any.  The United States will be

entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any

obligation under this Agreement.

26. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

behalf of the defendant.  Nor does this Agreement in any way

restrict the Government in responding to any request by the

Court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

**H.  Court Not Bound by Plea Agreement**

27. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $250,000, a maximum term of supervised release of life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $5,100.

28. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline

to follow any recommendations by any of the parties to this Agreement.

## I.   <u>Breach of Plea Agreement by Defendant</u>

29. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

27

30. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

    a.   The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

    b.   The United States will be free to make any
recommendations to the Court regarding sentencing in this
case;

    c.   Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

    d.   The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral

28

estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

31. Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant

29

will not be permitted to withdraw any guilty pleas tendered
pursuant to this Agreement, and the government will be
permitted to bring any additional charges that it may have
against the defendant.

## J.   Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

32. <u>Sex Offender Registration (Megan's Law/Adam Walsh Act)</u>
<u>Notice</u>.  The defendant understands that the Court, as a
condition of supervised release or probation, must order the
defendant to comply with all sex offender registration
requirements under the Sex Offender Registration and
Notification Act and that, if applicable, defendant must register
and keep registration current and accurate in each of the
following jurisdictions:  the location of residence; the location of
employment; and the location of any school that defendant is
attending.  The defendant understands that such information
must be updated no later than three business days after any
change.  A failure to comply with these and other obligations

30

may subject the defendant to prosecution under federal law.
The defendant acknowledges that one possible consequence of a
guilty plea is that the Court may determine, after the
completion of a sentence, that the defendant is a sexually
dangerous offender and may commit the defendant to a medical
facility for treatment.

33. Civil Commitment as Sexually Dangerous Person.  The
defendant has been advised, and understands, that pursuant to
18 U.S.C. § 4248, the defendant faces potential civil
commitment as a sexually dangerous person, following the
expiration of the defendant's term of imprisonment.  The
defendant understands that potential civil commitment would
be the subject of a separate proceeding.  The defendant further
understands that no one, including the defendant's attorney or
the Court, can predict with certainty the effect of the
defendant's conviction on such a civil commitment
determination.  The defendant nevertheless affirms that the
defendant wants to plead guilty regardless of any potential civil

commitment consequences that the defendant's plea may entail,

even if the consequence is indefinite civil commitment following

the expiration of the defendant's term of imprisonment.

## K.  Other Provisions

34.  Agreement Not Binding on Other Agencies.  Nothing in this

Agreement shall bind any other United States Attorney's Office,

state prosecutor's office, or federal, state or local law

enforcement agency.

35.  No Civil Claims or Suits.  The defendant agrees not to pursue or

initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently

known to the defendant, arising out of the investigation,

prosecution or cooperation, if any, covered by this Agreement,

including but not limited to any claims for attorney's fees and

other litigation expenses arising out of the investigation and

prosecution of this matter.  By the defendant's guilty plea in

this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

36. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

37. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty

33

in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

38. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., August 20, 2021, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

39. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_4/7/22_
Date

_Kenneth Persis_
KENNETH PERSISE
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_4/8/22_
Date

ELLIOT SMITH
Counsel for Defendant

JOHN C. GURGANUS
United States Attorney

_4/8/2022_
Date

By: _Jenny P. Roberts_
JENNY P. ROBERTS
Assistant United States Attorney

JPR/August 5, 2021

35