IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MOTIONS FOR RETROACTIVE
APPLICATION OF AMENDMENT 821
TO THE SENTENCING GUIDELINES

STANDING ORDER NO. 2023-19

### STANDING ORDER

**WHEREAS**, on April 27, 2023, the United States Sentencing Commission voted to promulgate Amendment 821 to the Sentencing Guidelines. In part, this amendment alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice act sentence, or (b) presented zero criminal history points at the time of sentencing. This amendment will be effective November 1, 2023, absent disapproval by Congress.

**WHEREAS**, with regard to "status points" under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends Section 4A1.1 to (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

**WHEREAS**, with regard to "zero point offenders," the Commission's amendment adds a new Section 4C1.1, which reduces by two offense levels the guideline range for defendants with zero criminal history points. The two-level reduction, however, is not

available under this provision to a defendant if one of the nine exceptions stated in the new guidelines applies.

**WHEREAS**, on August 24, 2023, the Sentencing Commission voted to give retroactive effect to these two changes, as of November 1, 2023, again subject to disapproval by Congress. In order to permit the orderly disposition of what is expected to be a substantial volume of motions for sentence reductions (possibly in the tens of thousands nationwide), the Commission decreed that while inmates will be able to file motions beginning on November 1, 2023, under 18 U.S.C. § 3582(c)(2), seeking a reduction in sentence based on the retroactive amendments, an individual whose request is granted by the Court may be released from prison no earlier than February 1, 2024.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Under the Criminal Justice Act, 18 U.S.C. §§ 3006A(a)(1) and (c), the Office of the Federal Public Defender for the Middle District of Pennsylvania is hereby appointed to represent any criminal defendant who was previously sentenced in the U.S. District Court for the Middle District of Pennsylvania and who was previously determined to have been entitled to appointment of counsel or who is now indigent, to determine whether that defendant may be eligible to seek a reduced sentence under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821. If the Federal Defender believes an inmate may be eligible for relief who was not previously determined indigent, it shall seek appointment with a qualifying financial affidavit. In the event the Federal Public Defender is unable to represent a defendant in such proceedings, the Federal Public Defender shall designate an attorney in accordance with

the Criminal Justice Act Plan of the United States District Court for the Middle District of Pennsylvania.

2. To give effect to the purposes of this Order, the United States Probation Office for the Middle District of Pennsylvania is directed to disclose to the Federal Public Defender's Office or assigned defense counsel and the United States Attorney's Office copies of presentence investigation reports, modifications and addenda to such reports, judgments, and statements of reasons of any defendant who may be eligible for a reduction of sentence based on the retroactive amendment, and any other relevant additional documents necessary for the review process.

3. Further, the Clerk's Office is hereby authorized to disclose to the Federal Public Defender's Office or assigned defense counsel and the United States Attorney's Office any additional documents from a defendant's case file that are not otherwise available through the Public Access to Court Electronic Records (PACER) service necessary to determine the defendant's eligibility and any conflicts. Specifically, the Clerk's Office may disclose motions and orders filed pursuant to U.S.S.G. § 5K1.1, motions and orders related to previous sentence reduction motions (under Fed. R. Crim. P. 35, 18 U.S.C. § 3582(c), Section 404 of the First Step Act, or any other provision), charging documents, notices of enhancement under 21 U.S.C. § 851, transcripts available pursuant to Judicial Conference policy, verdicts, and motions under 28 U.S.C. § 2255. Neither the Federal Public Defender nor the United States Attorney's Office may distribute such documents except that the Federal Public Defender may distribute to subsequently appointed or retained counsel, unless otherwise ordered by the Court.

Subsequently appointed or retained counsel may not further distribute such documents, unless otherwise ordered by the Court.

4.  The Clerk's Office shall notify the Federal Public Defender and the Unites States Attorney's Office of all pro se motions to reduce sentence under 18 U.S.C. § 3582(c)(2) relating to this retroactive amendment. Upon notification, the Federal Public Defender's Office shall conduct a review for eligibility.

BY THE COURT:

Dated: November 1, 2023

Matthew W. Brann
Chief United States District Judge